Hat, Judge,
delivered the opinion of the court:
This is a suit in which the plaintiff claims the difference in pay between the grades of major and first lieutenant of the aviation section, Signal Corps, during the period from October 1, 1918, to January 19, 1919, while in command of *82 the One hundred and sixty-third Aero Squadron in France. The amount claimed is the sum of $723.84.
The facts in this case are fully set forth in the findings. The fact to which especial attention must be paid is that when the plaintiff was ordered to take command of the One hundred and sixty-third Aero Squadron by the Assistant Chief of Air Service in France there were serving with the said squadron two officers senior in rank to the plaintiff and who were available for duty.
The plaintiff claims under section 6 of the act of April 26, 1898, which reads as follows:
“ That in time of war, every officer serving with troops operating against an enemy who shall exercise, under assignment in orders issued by competent authority, a command above that pertaining to his grade, shall be entitled to receive the pay and allowances of the grade appropriate to the command so exercised.” * * *
That the plaintiff exercised a command above that pertaining to his rank is not questioned. But the Government contends that he did not exercise such command “ under assignment in orders issued by competent authority.” It is pointed out by the Government that the only authority of law for assigning a junior officer of an Army organization to take command of such organization in time of war or public danger while his senior officer is present and available for duty is by order or authority of the President, and the one hundred and nineteenth article of war is cited to maintain that contention. That article reads as follows:
“ Rank and Precedence Among Regulars, Militia, and Volunteers. — That in time of war or public danger, when two or more officers of the same grade are on duty in the same field, department, or command, or of organizations thereof, the President may assign the command of the forces of such field, department, or command, or of any organization thereof, without regard to seniority of rank in the same grade. In the absence of such assignment by the President, officers of the same grade shall rank and have precedence in the following order, without regard to date of rank or commission as between officers of different classes, namely: 'First, officers of the Begular Army and officers of the Marine Corps detached for service with the Army by order of the President; second, officers of forces drafted or *83 called into service of the United States; and third,, officers of the volunteer forces.” (39 Stat. 670.)
It is not asserted that the President had given authority to the Assistant Chief of Air Service in France to exercise the authority conferred upon the President by the aforesaid article of war. In the face of the express language of the statute we can not hold that the plaintiff was exercising his command under orders issued by competent authority. That he rendered the service, that he was bound to obey his commanding officer, and would have been court-martialed if he had not done so, may be conceded. But these facts do not cure the inherent weakness of the plaintiff’s case; for an illegal or void order can not be made the basis of a claim for increase of pay for exercising higher command as provided for in the act of April 26, 1898. (30 Stat. 365; 26 Comp. Dec. 691.)
The petition of the plaintiff must be dismissed. It is so ordered.
Moss, Judge; Git ah am, Judge; Booth, Judge; and Campbell, Chief Justice, concur.